UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas OLMSTED, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  19-cv-02011-JLB-BGS<br><br>**ORDER GRANTING MINORS COMPROMISE**<br><br>**[ECF NO. 25]** |

The matter before the Court is the Motion to Confirm Minors' Compromise filed by the guardian ad litem, Avery Olmsted, on behalf of minor Plaintiffs Porter Olmsted and Cannon Olmsted ("minor Plaintiffs"). After reviewing the Petitions and all supporting documents, and for the reasons discussed below, the Court **GRANTS** the motion.

## I.　BACKGROUND

This suit arises from the allegations that San Diego Family Housing LLC and Lincoln Military Property Management LP breached their implied warranty of habitability in the Plaintiffs' rental property due to excessive water damage and moisture. (ECF Nos. 25-2, 25-3.) Plaintiffs, Thomas Olmsted, Avery Olmsted, Cannon Olmsted (through his guardian ad litem, Avery Olmsted), and Porter Olmsted (through his

1  guardian ad litem, Avery Olmsted), resided in military housing within The Village at the
2  Naval Training Center in San Diego. (ECF No. 1.) Plaintiffs claimed that the Defendants
3  expressly and impliedly warranted that the property would remain habitable, not interfere
4  with the Plaintiffs' quiet enjoyment, and maintain the property in a manner to keep it
5  habitable. (ECF No. 1-2.) Specifically, the minor Plaintiffs claimed that the Defendants
6  owed them a duty of care to avoid injuring the minor Plaintiffs or damaging their
7  personal property. (ECF No. 1-2.) The Plaintiffs also alleged that the property at issue
8  was defective in repair and in maintenance, with water intrusion, leaks, and other
9  moisture and condensation damage. (ECF No. 1-2.) The Plaintiffs claimed that the
10 Defendants knew about the defects and that the Defendants had failed to timely repair the
11 property, in a negligent and/or unreasonable fashion. (ECF No. 1-2.)

12      This action was initially filed in California Superior Court and was removed to this
13 Court on October 18, 2019. (ECF No. 1.) Minor Plaintiffs only alleged a claim of
14 negligence. (ECF No. 1-2.) No injuries were sustained by minor Plaintiffs, thus damages
15 were based on emotional distress only. (ECF No. 25-2, pg. 2; 25-3, pg. 2.) On November
16 25, 2019, the Court granted a Joint Motion to Dismiss, dismissing the action with
17 prejudice as to Defendants Lincoln/Clark San Diego, LLC, Lincoln Property Company
18 Southwest, Inc., LMH Manager, Inc., Lincoln Military Housing Holdings, LLC, and
19 LMH Military Property Management Tempco, LLC, ("Moving Defendants"). (ECF No.
20 14-15.) The remaining Defendants, San Diego Family Housing LLC and Lincoln Military
21 Property Management LP, filed their Joint Discovery Plan on November 26, 2019. (ECF
22 No. 16.) On December 9, 2019, an Early Neutral Evaluation Conference was held before
23 Magistrate Judge Jill L. Burkhardt, where parties settled. (ECF No. 17.) On April 1st,
24 2020, guardian ad litem Avery Olmsted filed expedited petitions for approval of the
25 minors' compromise of claims. (ECF Nos. 25-2, 25-3.)

**II. DISCUSSION**

27      Plaintiffs assert that the parties have settled with respect to the entire case and seek
28 an order confirming the claims of the minor Plaintiffs, Porter Olmsted and Cannon

Olmsted. (ECF No. 25-2, pg.3; 25-3, pg. 3.) The proposed gross settlement amount is $500.00 for each minor. Attorneys fees to be paid from the settlement proceeds would be 25% of the gross amount, or $125.00 for each minor. The balance of the settlement proceeds available to be paid to each claimant after deducting attorney's fees and costs, will be $375.00 for each minor. Plaintiffs contend that the settlement is reasonable in light of the facts of this case and in light of other settlements under similar circumstances. No objections have been filed to the Petition.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Federal Rule of Civil Procedure 17(c) provides that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected. . . even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Pursuant to Civil Local Rule 17.1, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." Civ. L. R. 17.1.

District courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the

district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

In this case, the proposed minors' compromise will result in each minor plaintiff receiving $375.00. No party has filed any objections and courts have approved settlements allowing for similar recovery by minor plaintiffs under similar circumstances. After considering the facts of this case, the minor Plaintiffs' specific claims, and the recovery in similar cases, the Court finds that the settlement is fair, reasonable and in the best interests of the minor Plaintiffs.  The Motion to Confirm Minors' Compromise is granted.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Confirm Minors' Compromise is **GRANTED**. (ECF No. 25). IT IS FURTHER ORDERED:

1. The gross settlement amount in favor of each minor Plaintiff, Porter Olmsted and Cannon Olmsted, is $500.00 and is to be paid to each claimant jointly and severally by San Diego Family Housing LLC and Lincoln Military Property Management LP.

2. From the settlement amount, fees and expenses will be paid by one or more checks, payable to the order of the petitioner and petitioner's attorney, or directly to third parties entitled to receive payment identified in this order, for attorneys fees in the amount of $125.00 for each claimant ($125.00 to "Miller injury attorneys in trust for Cannon Olmsted" and $125.00 to "Miller injury attorneys in trust for Porter Olmsted") to be paid out of the settlement proceeds.

3. The balance of the settlement proceeds, $375.00 for each claimant, will be paid and delivered to a parent of the minor, upon the terms and under the conditions specified in probate code sections 3401–3402, without bond. The

name and address of the parent whom the money or other property is to be delivered to is: Avery Olmsted, Guardian Ad Litem and mother of claimants, 4608 E. Devonshire Ave., Phoenix, Arizona 85018.

Dated:  April 14, 2020

_____
Hon. Bernard G. Skomal
United States Magistrate Judge